**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **WAYNE PHILIP PITTS, 45942-177,** | § | |
| **Petitioner,** | § | |
| | § | **3:15-CV-215-M** |
| **v.** | § | **3:13-CR-066-M** |
| | § | |
| **UNITED STATES OF AMERICA,** | § | |
| **Respondent.** | § | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION**
**OF THE UNITED STATES MAGISTRATE JUDGE**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of Title 28, United States Code, Section 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions and Recommendation of the United States Magistrate Judge follow:

**I.  Procedural Background**

Petitioner filed this petition to vacate, set-aside, or correct sentence pursuant to 28 U.S.C. § 2255. Petitioner pled guilty to possession of a stolen firearm and aiding and abetting. The Court sentenced him to 108 months in prison. On October 16, 2014, the Fifth Circuit Court of Appeals dismissed his appeal as frivolous. *United States v. Pitts*, 583 Fed. Appx. 311 (5th Cir. 2014).

On January 21, 2015, Petitioner filed the instant § 2255 petition. He claims his counsel was ineffective when counsel failed to object to two guideline enhancements at sentencing: (1) the enhancement for a prior conviction for a crime of violence, and (2) a four-level increase for transferring the firearms with reason to believe they would be used in commission of

another felony offense.

On March 23, 2015, the government filed its answer.  On May 27, 2015, Petitioner filed a reply.  The Court finds the petition should be denied.

## II.  Factual Background

On February 17, 2012, postal investigators were contacted about a recovered handgun that had been reported stolen from the mail before delivery.  (PSR ¶ 10.) Codefendant Erika Lovejoy had sold the handgun to a neighbor.  Lovejoy and Petitioner were identified by the neighbor's family members.  (PSR ¶¶ 12-15.) Investigators determined that M&H Classics had shipped the handgun to DS Guns and Ammo located in Scurry, Texas on October 25, 2011.  (PSR ¶ 10.)  That handgun along with five other firearms, which had been mailed either to or from DS Guns and Ammo, had been reported stolen. (*Id*.)  They were mailed between January 18, 2011 and October 25, 2011. (*Id*.)

Investigators surmised that the thefts were likely being perpetrated by a contract driver employed to transport mail.  (*Id*.)  Postal inspectors then contacted the Scurry, Texas Postmaster, who confirmed that Petitioner was the contract driver for the Kaufman-Scurry-Rosser route, and that she had received multiple complaints of missing mail. (PSR ¶ 16.)

On March 30, 2012, postal inspectors interviewed Petitioner.  (PSR ¶ 17.)  He provided a written statement in which he admitted to stealing at least 11 firearms from the

mail.  (*Id*.)  He would give the firearms to Lovejoy, who, in turn, would sell them to drug dealers in exchange for drugs.  After she sold the drugs, she would split the proceeds with Petitioner.  (*Id*.)  In a later interview, Petitioner admitted to stealing two additional handguns that had been reported missing from She Bang Handgun Training School. (PSR ¶ 19.)

Petitioner pled guilty to one count of possession of a stolen firearm. (CR ECF No. 31-32, 35.)  The PSR initially calculated Petitioner's base offense level at 20 due to his prior conviction for aggravated assault, a crime of violence.  (PSR ¶ 28.)  Four points were added because the offense involved between eight and 24 firearms.  (PSR ¶ 29.)  Another two points were added because the firearms were stolen from the mail.  (PSR ¶ 30.)  The PSR also included a four-level increase for firearms trafficking and another for transferring the firearms with reason to believe they would be used in commission of another felony offense.  (PSR ¶ 32.)  Because Petitioner had violated his conditions of pretrial release, the PSR declined to recommend a downward adjustment for acceptance of responsibility.  (PSR ¶ 38.)  His final offense level was 34.  (PSR ¶ 39.)  When coupled with his category IV criminal history, the recommended guidelines range was 210 to 262 months.  (PSR ¶ 86.)  However, because the statutory maximum term of imprisonment for the offense was ten years, his guidelines range became 120 months.  (*Id*.)

The government and defense counsel filed no objections to the PSR, but Petitioner submitted objections to the court *pro se.* (CR ECF No. 78 at 2-4.)  Petitioner objected

only to the four-level increase for the number of firearms.  Petitioner stated he was

responsible for seven guns, rather than eight guns, which would make the enhancement

two levels rather than four levels. The government did not oppose the objection, and the

Court reduced the enhancement to two levels.  (*Id*. at 13.)  The Court noted that reducing

the enhancement to two levels, rather than four levels, did not change Petitioner's

guideline range.  (*Id*. at 7.)  The Court granted Petitioner a three-level reduction for

acceptance of responsibility, but this adjustment also did not affect his guidelines range.

(*Id*. at 9.)  After applying a two-level enhancement for the number of guns rather than a

four-level enhancement, and after applying a three-level reduction for acceptance of

responsibility, Petitioner's total offense level was 29, his criminal history category was

IV, and his guideline range was 121 to 151 months.  (*Id*. at 13.)  The statutory maximum

sentence remained at 120 months.  Defense counsel then argued for a downward variance

because Petitioner's prior convictions were over 25-years old.  (*Id*. at 10-11.)  The Court

agreed that a downward variance was warranted and sentenced Petitioner to 108 months'

imprisonment.  (CR ECF No. 72.)

## III.  Discussion

### 1.    Ineffective Assistance of Counsel

To sustain a claim of ineffective assistance of counsel, Petitioner must show that: (1)

counsel's performance was deficient; and (2) the deficient performance prejudiced the defense so

gravely as to deprive Petitioner of a fair trial.  *Strickland v. Washington*, 466 U.S. 668, 687

(1984).  In *Strickland*, the Court stated that "[j]udicial scrutiny of counsel's performance must be

highly deferential" and "every effort [must] be made to eliminate the distorting effects of hindsight." *Strickland*, 466 U.S. at 689.  Courts, therefore, must "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id*.

Even if counsel is proven deficient, a petitioner must prove prejudice.  To prove such prejudice, Petitioner must show "a reasonable probability that the result of the proceedings would have been different but for counsel's unprofessional errors." *Crane v. Johnson*, 178 F.3d 309, 312 (5th Cir. 1999) (citing *Strickland*, 466 U.S. at 694).  "[T]he mere possibility of a different outcome is not sufficient to prevail on the prejudice prong." *Id*.  "Rather, the defendant must demonstrate that the prejudice rendered sentencing 'fundamentally unfair or unreliable.'" *Id*. (quoting *Lockhart v. Fretwell*, 506 U.S. 364, 369 (1993)).

### A.    Crime of Violence

Petitioner argues his counsel was ineffective for failing to object to the base offense level. Under USSG § 2K2.1(a)(4)(A), Petitioner's base offense level was 20 because he was convicted of a prior crime of violence.  Section 2K2.1(a)(4)(A) states the base offense level is 20 if:

> the defendant committed any part of the instant offense subsequent to sustaining one felony conviction of either a crime of violence or a controlled substance offense.

Under USSG § 4B1.2(a), a crime of violence is defined as follows:

> (a)    The term "crime of violence" means any offense under federal or state law punishable by imprisonment for a term exceeding on year that –
>
> (1)    has as an element the use, attempted use, or threatened use of physical force against the person of another, or
>
> (2)    is burglary of a dwelling, arson, or extortion, involves use of explosives, or otherwise involves conduct that presents a serious potential risk of

physical injury to another.[1]

In this case, Petitioner previously pled guilty in state court to aggravated assault of a peace officer and was sentenced to sixteen years in prison.  (PSR ¶ 46.)  Petitioner claims this offense was not a crime of violence because he did not use any physical force during the offense. The indictment filed in the case, however, stated that Petitioner intentionally and knowingly caused bodily injury to a peace officer in the lawful discharge of his official duty, when the Petitioner knew and had been informed the complainant was a peace officer, by kicking the officer with the leg and foot.  (*Id*.)  Additionally, Application Note 1 to § 4B1.2 specifically states that aggravated assault is a crime of violence.

Petitioner also argues that under the Supreme Court's decision in *Johnson v. United States*, ___ U.S. ___, 135 S.Ct. 2551 (2015), the enhancement was unconstitutional.  In *Johnson*, the Court examined the term "violent felony" in the residual clause of the Armed Career Criminal Act ("ACCA") and concluded it was unconstitutionally vague.  Petitioner states that the residual clause in § 4B1.2 defines a "crime of violence" the same way as the ACCA defined "violent felony," which renders the enhancement unconstitutional.

Petitioner, however, was not sentenced under the residual clause of § 4B1.2.  Instead, aggravated assault is specifically enumerated in the Application Notes as a crime of violence. The *Johnson* case therefore is not applicable to Petitioner's sentencing.  Petitioner has failed to show his counsel was ineffective for failing to object to the base offense level.  *See United States v. Gibson*, 55 F.3d 173, 179 (5th Cir. 1995) (stating counsel is not required to make frivolous

---

[1]The final clause in § 4B1.2(a), beginning with the words "or otherwise," is commonly referred to as the "residual clause."

motions.)

**B.       Other Felony Offense**

Petitioner claims his counsel was ineffective for failing to object to the four-level enhancement for transferring firearms "with knowledge, intent, or reason to believe they would be used in commission of another felony offense." (PSR ¶ 32.) Petitioner claims no other felony offense was committed.

In his factual resume, however, Petitioner admits he stole numerous firearms from the mail and that he gave the firearms to Lovejoy to sell. (ECF No. 32 at 2.) In his interview with postal inspectors, he admitted that Lovejoy would sell the firearms to drug dealers for drugs. These sales constituted "another felony offense" for the enhancement. (PSR ¶ 17.) At sentencing, the district court asked Petitioner whether he objected to this enhancement. (ECF No. 78 at 5.) He stated he did not object. (*Id*.) Petitioner has failed to show that this enhancement did not apply. His ineffective assistance of counsel claim should be denied.

## IV.  Recommendation

For the foregoing reasons, the Court recommends that the motion to vacate or set-aside, or correct sentence pursuant to 28 U.S.C. § 2255 be denied.

Signed this 19th day of May, 2016.

PAUL D. STICKNEY
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND
<u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>**

A copy of this report and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).